In a proceeding brought by a landlord to fix rent, in excess of emergency rents, pursuant to section 4 of chapter 3, as amended by chapter 315 of the Laws of 1945 (Commercial Rent Law), the issues were referred to an Official Referee, to determine and report with his opinion the reasonable rent to be paid by the tenant, in accordance with the provisions of the statute. The Official Referee recommended that the rent of the premises, which were completely occupied by the tenant, be fixed at $13,350 per annum, which rent, in addition to a return of 6% on the fair value of the entire property, plus 2% of principal for amortization- of a mortgage thereon, included an item of $1,950 for depreciation, apparently allowed as a cost of maintenance or operation, an item of $500 for management, and an item of $500 for repairs. On the motion to confirm the Official Referee’s report and to fix the rent in the sum recommended, the Special Term modified the ¡report hy eliminating therefrom the amounts allowed for depreciation and management, and fixed the rent at $10,900 per annum. The landlord has appealed from the order of the Special Term insofar as it modifies the report and fixes the rent at the reduced amount, and the tenant has appealed from the order insofar as it fails to modify the report further by eliminating the amount allowed for repairs. Order modified on the law and the facts by striking out that portion of the first ordering paragraph which provides that the item of management be eliminated, and by striking out the provision in the second ordering paragraph which fixes the rent at $10,900, and by substituting therefor a provision that the reasonable rent is fixed at $11,400 per annum. As thus modified, the order, insofar as appealed from, is unanimously affirmed, without costs. On the record presented, the Special Term should not have- disallowed the item involving management. As to the item of depreciation, we agree with the conclusion reached hy the Appellate Division in the First Department in construing the statute that while the item of depreciation may he considered by the court or arbitrator upon an application to increase rents, in determining what is a fair return, this does not mean that the court or arbitrator must include any sum for depreciation as an item of cost of maintenance or operation of the premises. It would seem rather that the Legislature had taken depreciation into consideration in the presumptively fair return of 6% and 2%. (Schack v. Handel, 271 App. Div. 1, 7.) The Special Term properly decided in this proceeding that the landlord was not entitled to rent which would include a net return of 6% on the value of the entire property, plus 2% of the principal of the mortgage and, in addition thereto, an allowance for depreciation of the building on the property. While the figures of 6% and 2% are not made by the statute a precise measure of the return, those figures are presumed to measure a reasonable return including, under proper circumstances, an allowance for depreciation. (Cf. Schaek v. Handel, supra.) In the present case the presumption is not overcome by the evidence, and a reasonable rent may be fixed by the application of the statutory formula. The item involving repairs as part of the cost of operation and maintenance was properly allowed. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Ñolan, JJ.